# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 8:20-cv-01560-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his application for supplemental security income. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issue. The matter is now ready for decision.

## BACKGROUND

On April 23, 2018, Plaintiff filed an application for Supplemental Security Income and an application for a Period of Disability and Disability Insurance benefits, alleging disability for both beginning April 4, 2017. (Administrative Record

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") 21.) His applications were denied initially and upon reconsideration. *Id.* A video hearing was held before an Administrative Law Judge ("ALJ") on December 16, 2019. *Id.* Plaintiff (represented by an attorney) testified at the hearing with the assistance of a Spanish language interpreter. *Id.* A vocational expert ("VE") also testified via telephone during the hearing. *Id.*

On January 30, 2020, the ALJ issued an unfavorable decision finding that Plaintiff suffered from the following medically severe impairments: degenerative joint disease of bilateral shoulders with SLAP tear and impingement syndrome. (AR 24.) The ALJ found that Plaintiff's degenerative disc disease, fibromyalgia, angina, myopia, type II diabetes mellitus, and essential hypertension were not severe. *Id.* The ALJ also found that Plaintiff's medically determinable mental impairments of generalized anxiety disorder, panic disorder (episodic paroxysmal anxiety) without agoraphobia, and major depressive disorder, considered singly and in combination, were not severe impairments. (AR 25.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the exception that pushing, pulling, and overhead reaching with the bilateral upper extremities must be limited to occasionally. (AR 27.) The ALJ found that Plaintiff was capable of performing his past relevant work as a dental laboratory technician as generally and as actually performed. (AR 32.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from April 4, 2017, through the date of the ALJ's decision. (AR 33.) The Appeals Counsel denied review (AR 1-8), thereby rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUE

1. Whether the ALJ erred by failing to include Plaintiff's mild mental limitations in his residual functional capacity.

///

///

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court will reverse the Commissioner's decision only if its findings are based on legal error or are not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). As the Supreme Court notes, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). As such, this Court may not substitute its judgment for that of the Commissioner. *See Jamerson v. Chater*, 112 F.3d 1064, 1065 (9th Cir. 1997). Even when the ALJ commits legal error, the decision will be upheld where that error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Id*.

# DISCUSSION

Plaintiff contends that the ALJ did not properly consider his mild mental limitations when determining his RFC. (ECF 18 at 8.) In response, the Commissioner argues that the ALJ properly found that Plaintiff had no severe mental impairments and correctly assessed his RFC. (ECF 21 at 3.)

An ALJ must consider all claimant's medically determinable impairments, whether severe or non-severe, when assessing his RFC. *See* 20 C.F.R. § 404.1545(a)(2). However, an ALJ need not include non-severe limitations in the RFC if they do not cause more than a minimal limitation on claimant's ability to work. *See Jones v. Berryhill*, 2018 WL 3956479, at *2 (C.D. Cal. Aug. 15, 2018); *Koshak v. Berryhill*, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018); *Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("Consideration of 'the

limiting effects of all impairments' does not necessarily require the inclusion of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work."). So long as the ALJ specifies reasons — supported by substantial evidence — for not including the non-severe impairment, the ALJ has not committed a legal error. *See, e.g.*, *Medlock*, 2016 WL 6137399, at *5.

Plaintiff contends that the ALJ failed to include his mild mental limitations in his RFC and, as such, made a reversible legal error. (ECF 18 at 9). Plaintiff relies on *Hutton v. Astrue*, 491 F. App'x 850, 850-51 (9th Cir. 2012), in which the Ninth Circuit held that the ALJ committed legal error by completely excluding Hutton's PTSD from consideration when it was found to cause "mild" limitations in his concentration, persistence, and pace. Plaintiff argues that under *Hutton*, even a mild mental impairment may preclude skilled and semi-skilled work activity. (ECF 18 at 9.)

Plaintiff's assertion is overstated. Courts in the Ninth Circuit have found *Hutton* to be inapplicable where the ALJ considered Plaintiff's non-severe mental impairments at step four before concluding that those non-severe impairments did not necessitate inclusion of any mental limitations in the RFC. *See, e.g.*, *Thompson v. Saul*, 2019 WL 3302471, at *7 (E.D. Cal. July 23, 2019); *George A. v. Berryhill*, 2019 WL 1875523, at *5 (C.D. Cal. Apr. 24, 2019); *Jensen v. Comm'r of SSA*, 2019 U.S. Dist. LEXIS 28524, at *7-8 (D. Ariz. Feb. 21, 2019); *Lindsay v. Berryhill*, 2018 WL 3487167, at *6 (C.D. Cal. July 18, 2018). Other courts have followed *Hutton* where the ALJ's decision did not reflect any reasoned consideration in the RFC of Plaintiff's mild mental limitations. *See, e.g.*, *Patricia C. v. Saul*, 2020 WL 4596757, at *13 (S.D. Cal. Aug 10, 2020); *Uranna G. v. Saul*, 2019 WL 5342537, at *4 (S.D. Cal. Oct. 21, 2019); *Gates v. Berryhill*, 2017 WL 2174401, at *3 (C.D. Cal. May 16, 2017).

Here, at step two, the ALJ found that Plaintiff's medically determinable

impairments of generalized anxiety disorder, panic disorder without agoraphobia, and major depressive disorder were non-severe since they caused no more than minimal limitation in his residual functional ability to perform basic mental work activities. (AR 25.) The ALJ relied on a psychiatric evaluation conducted on June 23, 2018 by M. Kim, M.D. (AR 25; *see* AR 475-479.) Plaintiff was documented to have relaxed behavior, good eye contact, good thought process and thought content, and alert sensorium and orientation. (AR 477-478.) Though Plaintiff was noted to have anxious mood, his affect was appropriate, and no psychomotor retardation was reported. (AR 477.) Plaintiff was able to recall three out of three objects immediately and one of three object after five minutes. (AR 478.) In areas of concentration, Plaintiff was unable to perform serial seven's, but he was able to perform serial three's. *Id.* Dr. Kim noted in his functional assessment that Plaintiff could comply with job rules and follow simple oral and written instructions as well as detailed instructions. (AR 479.) Plaintiff was found to be mildly limited at interacting with others, responding to changes in the work setting, responding to work pressures, and in engaging in daily activities. *Id.* From this report, the ALJ determined that Plaintiff was mildly limited in all four broad functional areas of mental functioning. (AR 25.)

Despite finding Plaintiff's mental impairments to be non-severe, the ALJ stated that she nonetheless considered them at step four of Plaintiff's RFC assessment. (AR 24.) *See Harrison v. Berryhill*, 2018 WL 5304794, at *9 (C.D. Cal. Oct. 24, 2018) (ALJ had sufficiently considered Plaintiff's mild mental impairments when they stated they considered all his medically determinable impairments in his RFC). The ALJ considered Dr. Kim's psychiatric evaluation to be partially persuasive given that his objective medical findings supported his opinion that Plaintiff was mildly limited in the categories mentioned herein. (AR 30.) However, after Dr. Kim's evaluation, Plaintiff followed up on several occasions with mental health treatment at which time he was reported to have worsening symptoms and deficiencies most notably in his mood and affect. (AR 30, *see* AR 490-498, 509-511,

680-695.) As such, Dr. Kim's opinion was only partially persuasive with respect to the overall objective medical evidence. (AR 30.)

The ALJ also considered the opinions of psychological consultants J. Tendler, M.D., and D. Goosby, Psy.D., in Plaintiff's RFC assessment. (AR 31.) The consultants found Plaintiff to have anxiety and obsessive-compulsive disorders and concluded that these resulted in only mild mental functional limitations. (AR 70, 100.) The ALJ found these opinions to be persuasive given that the mental status evaluations in the record, while noting anxious mood and fair insight and judgment, showed Plaintiff to be within normal limits consistent with no more than mild mental functional limitations. (AR 31; *see* AR 477, 478, 494, 70, 100.) The ALJ explained that although more recent mental health treatment records were submitted at the hearing level, the mental status examinations were generally within normal limits except for anxious mood and limited insight and judgment, which was consistent with earlier mental status examination findings. (AR 32; *see* AR 698, 703, 711, 477, 478, 494.) Thus, the ALJ properly considered Plaintiff's non-severe mental impairments at step four before concluding that those non-severe impairments did not necessitate inclusion of any limitation in the RFC. The ALJ did not commit a legal error in accordance with *Hutton*.

Finally, the ALJ relied on the vocational expert's testimony to determine if Plaintiff could perform past relevant work. The VE found that Plaintiff was able to perform past work as a dental laboratory technician as generally and as actually performed when accounting for Plaintiff's physical and mental limitations. (AR 32; *see* AR 60, 61).

\\\
\\\
\\\
\\\
\\\

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 7/8/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE